Beck, C. J.
The judgment in this case must be reversed for the failure of the evidence to support the verdict oí the jury.
The complaint alleges that the defendant, The London Consolidated Mining, Milling and Smelting Company, having a lease of certain mines, and the possession of a certain stamp mill, engaged the plaintiff to superintend the operations of the *12 mines and mill, and authorized him to expend money for the benefit of the company, promising to pay him for his services, and to reimburse the moneys so paid out.
The company denies, in its answer, having, at the time alleged, a lease of the mines, or possession of the mill, and denies that it employed the plaintiff, or authorized him to pay any moneys on its account or for its benefit.
The only.evidence in support of the allegations of the complaint, was the testimony of the plaintiff. He swore that he rendered the services, and expended the money sued for, by virtue of an agreement made with four certain individuals, Ellis, Burke, Steenbock and Canney, who represented themselves to be the officers of said company. On being asked how he knew these men to be officers of this company, his answer was, “Well, by their letter heads, and they told me so.” In answer to further questions, he said he relied upon their statements and upon their letter heads; that he had* no other personal knowledge of the fact.
Opposed to this was the testimony of three witnesses, who swore that plaintiff disclaimed to them having any claim upon the company for his demand. One of these witnesses was the superintendent of the company, and another was president of the same until a few days before the trial. These officers, however, were elected after the claim was alleged to have accrued, but both swore positively that plaintiff told them that he looked to the individuals who employed him, and had no claim against the company. In the conversation with the president, the latter asked him if he had any claim against the company, and he answered that he had not, but looked to the individuals named.
The plaintiff sought to avoid the effect of this testimony, by swearing that he was not speaking about the claims which he now sued for, in those conversations.
The evidence wholly fails to show an employment by the defendant company, and the verdict of the jury, which was in favor of the plaintiff, was palpably unwarranted.
As the record appears before us, there was also error,in giving the second instruction on the part of the plaintiff. It appears to be based on testimony not preserved in the bill of ex *13 ceptions, but we cannot assume that there was testimony to warrant it.
M. J. Bartley, for appellant.
B- D. Thompson, for appellee.
This instruction is made the basis of the third assignment of error, and is as follows:
“The jury are instructed that a corporation cannot, in a sale of its property and stock, stipulate against the payment of existing debts of the company, so as to affect the rights of creditors, unless they, the creditors, are parties to such stipulation, or in some way ratify the same.”
The evidence does not show that any, such stipulation -was made by the company, and in the absence of evidence of this character, the effect of the instruction was prejudicial to the defendant.
For the reasons assigned, the judgment is reversed, and the cause remanded. Judgment reversed.